MEMORANDUM **
Donald Ernest Allee, an Oregon state prisoner, appeals pro se from the district court’s summary judgment in his action alleging constitutional violations under 42 U.S.C. § 1983 and violations of the Americans with Disabilities Act of 1990 (“ADA”), 42 U.S.C. § 12101 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Carver v. Lehman, 558 F.3d 869, 872 (9th Cir.2007), and we affirm.
The district court properly determined that Allee’s section 1983 claims against the Oregon Department of Corrections were barred under the Eleventh Amendment. See Will v. Mich. Dep’t of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that Eleventh Amendment bars § 1983 actions against state agencies).
The district court properly granted summary judgment on Allee’s First Amendment claim because the prison’s decision to punish Allee for mailing a flier that advocated the use of violence was reasonably related to legitimate penological interests. See Witherow v. Paff, 52 F.3d 264, 266 (9th Cir.1995) (per curiam) (“[p]reventing prisoners from disseminating offensive or harmful materials clearly advances the [legitimate penological interests of the] orderly administration of prisons [and] the rehabilitation of prisoners”); see also Turner v. Safley, 482 U.S. 78, 89- *612 91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (discussing factors relevant to inquiry into whether regulation that impinges on First Amendment rights is reasonably related to legitimate penological interests).
The district court properly granted summary judgment on Allee’s Eighth Amendment claim regarding a knee injury, because Allee failed to controvert defendants’ medical evidence showing that Al-lee’s condition might improve with increased walking, and that a wheelchair and cane were not medically necessary. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir.2004) (“to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard for an excessive risk to the prisoner’s health”).
All defendants were entitled to summary judgment on Allee’s ADA claim because Allee did not set forth any facts showing that he was discriminated against by reason of the alleged disability. See Rodde v. Bonta, 357 F.3d 988, 995 (9th Cir.2004) (listing requirements to establish an ADA violation).
The district court did not abuse its discretion in denying Allee’s motions for leave to amend because the motions failed to comply with local rules. See Ward v. Circus Circus Casinos, Inc., 473 F.3d 994, 1000 (9th Cir.2007).
The district court did not abuse its discretion in denying Allee’s October 24, 2007 motion to compel because the motion did not specify what discovery materials he sought. See Hall v. Norton, 266 F.3d 969, 977 (9th Cir.2001) (“We review for abuse of discretion the district court’s decision to deny discovery.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.